UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

LASOU KUYATEH,

                                  Plaintiff,

    -against-

CITY OF NEW YORK, a municipal entity;
KYLE ERICKSON, in his individual capacity;
ELMER PASTRAN, in his individual capacity; and,
FRANK DESIDERATO, in his individual capacity;

                                  Defendants.

----------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

<u>Jury Trial Demanded</u>

Plaintiff LASOU KUYATEH, by and through his attorneys, Jason Leventhal, Esq. and Joshua S. Moskovitz, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    On February 28, 2018, New York City Police Department Officers Kyle Erickson and Elmer Pastran, acting in concert, planted a partially burnt marijuana cigarette inside of Lasou Kuyateh's car while conducting a search of his vehicle, which turned up **no** evidence of illegality. The officers used the contraband they planted in Mr. Kuyateh's car as justification to arrest him. They maliciously pursued false criminal charges against him and provided false information to the District Attorney's Office about Mr. Kuyateh's arrest. They also gave false testimony in court during a pretrial suppression hearing.

2.    The day before Officer Erickson was scheduled to re-take the stand and continue testifying at the suppression hearing, Officers Erickson, Pastran, and Frank

Desiderato falsely accused Mr. Kuyateh of possessing a firearm. They arrested him at gunpoint and imprisoned him in a holding cell for eight hours before releasing him without charges.

3. Two weeks later, the District Attorney dismissed all charges filed against Mr. Kuyateh stemming from his arrest on February 28. Video from the officers' body worn cameras captured them planting the drugs in Mr. Kuyateh's car; and one of the officers mysteriously and in violation of Police Department procedures turned off his camera for several minutes while another officer planted the drugs.

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his federal constitutional rights. Plaintiff also asserts supplemental state law claims.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional and civil rights.

6. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action on each and every one of his claims for which a jury trial is legally available.

## COMPLIANCE WITH NOTICE OF CLAIM REQUIREMENTS

9. Within ninety (90) days after the claim accrued on October 3, 2018, plaintiff served the CITY OF NEW YORK a Notice of Claim that complied with General Municipal Law § 50-e.

10. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

11. An action under New York State law was commenced in Richmond County Supreme Court within one (1) year and ninety (90) days after the cause of action herein accrued.

12. Plaintiff has complied with all conditions precedent to maintaining the instant action.

13. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## PARTIES

14. Plaintiff LASOU KUYATEH is a twenty-two-year-old man who presently resides in Newark, Delaware.

15. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department. The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

17. At all times relevant herein, defendants KYLE ERICKSON, ELMER PASTRAN and FRANK DESIDERATO (referred to collectively herein as "the defendant officers"), were duly sworn police officers and detectives of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

18. At all times relevant herein, the defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY OF NEW YORK and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

19. At all relevant times, the defendant officers violated clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable law enforcement officers in their respective circumstances would have known.

## FACTS

### I.   First Incident – February 28, 2018

20. On February 28, 2018, at approximately 12:30 p.m., defendants KYLE ERICKSON and ELMER PASTRAN unlawfully stopped plaintiff's vehicle while plaintiff was lawfully driving in the vicinity of Ellington Street and Targee Street, in Staten Island, New York.

21. Defendants ERICKSON and PASTRAN ordered plaintiff and his passengers to exit the vehicle and they complied.

22. Defendants ERICKSON, PASTRAN and other NYPD officers unlawfully detained and searched plaintiff, his passengers, and plaintiff's vehicle.

23. The officers found nothing in plaintiff's vehicle that was unlawful for plaintiff or his passengers to possess.

24. Acting in concert with defendant PASTRAN, defendant ERICKSON planted a partially burnt marijuana cigarette in plaintiff's vehicle and falsely claimed that he found it burning on the floor of the rear seat.

25. As a result of defendants ERICKSON's and PASTRAN's unlawful conduct, NYPD police officers handcuffed and arrested plaintiff.

26. Later, defendant PASTRAN falsely swore in a Supporting Deposition that plaintiff possessed a burning marijuana cigarette recovered from the floor in the back seat of plaintiff's vehicle.

27. Defendant PASTRAN forwarded the Supporting Deposition to the Richmond Country District Attorney's Office.

28. Defendants ERICKSON and PASTRAN knew that the District Attorney would file said Supporting Deposition in Richmond County Criminal Court to initiate a criminal prosecution against plaintiff.

29. Defendant PASTRAN also completed police reports falsely stating that he and defendant ERICKSON stopped plaintiff's vehicle because he failed to use a turn signal and his windows had excessive tint, recovered a marijuana cigarette on the floor of the

back seat of plaintiff's vehicle, and that plaintiff told PASTRAN "this time I was smoking."

30. Defendant PASTRAN forwarded the false reports to the Richmond Country District Attorney's Office.

31. Defendants ERICKSON and PASTRAN knew that the District Attorney would use said police reports and/or the information contained in the reports in prosecuting plaintiff for possession of marijuana.

32. The District Attorney filed a Criminal Complaint with the Supporting Deposition in Richmond Criminal Court charging plaintiff with Criminal Possession of Marijuana, a class B Misdemeanor.

33. On March 1, 2018, plaintiff was arraigned; the District Attorney requested $1,000 bail. The Court set $1,000 bail – cash or bond.

34. Thereafter, plaintiff was imprisoned in the CITY's custody until March 13, 2018 when bail was posted.

35. After plaintiff's release, the prosecution compelled him to appear in Richmond Criminal Court on eleven days over the next seven months.

36. Between July and October 2018, defendants ERICKSON and PASTRAN testified falsely at a pretrial suppression hearing that spanned three days concerning plaintiff's February 28, 2018 arrest.

37. On October 16, 2018, the District Attorney moved to dismiss all charges filed against plaintiff and all charges were dismissed and sealed.

**II.    Second Incident – October 3, 2018**

38. On October 3, 2018, while the prosecution described above was still pending,

6

defendants ERICKSON, PASTRAN and DESIDERATO falsely alleged that they observed plaintiff hand a firearm to an unapprehended individual.

39. Based on this false allegation, NYPD officers pointed their firearms at plaintiff, tightly handcuffed him, and transported him to the NYPD's 120th Precinct where he was imprisoned in a holding cell until approximately 11:00 p.m.

40. At approximately 11:00 p.m. on October 3, 2018, plaintiff was released from the 120th Precinct without being charged with a crime or offense.

41. As a result of the foregoing, plaintiff LASOU KUYATEH was injured and is entitled to compensatory damages against all of the defendants in an amount to be fixed by a jury, and punitive damages against the defendant officers in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT OFFICERS
(False Arrest and Unreasonable Seizure under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

43. In committing the acts complained of herein, the defendant officers acted under color of state law to deprive plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to, the right to be free from unreasonable seizures, the right to be free from arrest without probable cause, the right to be free from deprivation of liberty without due process of law, and the right to be free from detention and prosecution without probable cause.

7

44. As a result of this conduct, plaintiff suffered injuries and damages.

45. This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS ERICKSON AND PASTRAN
(Violation of Right to Fair Trial / Fabrication of Evidence under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

47. Defendants ERICKSON and PASTRAN created false evidence against plaintiff and caused this false evidence to be forwarded to the prosecutor to be utilized in a criminal proceeding against plaintiff.

48. As a result of the defendant officers' actions, plaintiff was deprived of his liberty and wrongly charged with a crime that he did not commit.

49. As a result of defendant officers' actions, plaintiff suffered a violation of his rights to a fair trial and not to be deprived of liberty based on the fabrication of evidence, as guaranteed by the United States Constitution.

50. As a result of this conduct, plaintiff suffered injuries and damages.

51. This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANTS ERICKSON AND PASTRAN
(Malicious Prosecution under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

53.  Defendants ERICKSON and PASTRAN maliciously initiated, commenced and continued a baseless criminal prosecution against plaintiff.

54.  Defendants ERICKSON and PASTRAN caused plaintiff to be prosecuted without any probable cause until the charges were dismissed on October 16, 2018.

55.  As a result of this conduct, plaintiff suffered injuries and damages.

56.  This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE DEFENDANTS ERICKSON AND PASTRAN
(Malicious Abuse of Process under 42 U.S.C. § 1983)

57.  Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

58.  Defendants ERICKSON and PASTRAN caused criminal process to be issued against plaintiff by causing his arrest and prosecution in a criminal court.

59.  Defendants ERICKSON and PASTRAN caused plaintiff to be arrested and prosecuted to justify their abuse of authority, and to safeguard their employment by avoiding punishment by the NYPD or other investigative bodies for their conduct

60.  Defendants ERICKSON and PASTRAN caused plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process.

61.  As a result of this conduct, plaintiff suffered injuries and damages.

62.  This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(False Arrest/Unlawful Imprisonment under the laws of the State of New York)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

64. On October 3, 2018, the defendant officers, and other employees, agents, servants, or officials of the defendant CITY, caused plaintiff to be arrested without probable cause.

65. The defendant officers, and other employees, agents, servants, or officials of the defendant CITY, caused plaintiff to be detained against his will for an extended period of time and subjected to physical restraints.

66. As a result of this conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

67. As a result of this conduct, plaintiff suffered injuries and damages.

68. This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Assault under the laws of the State of New York)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

70. On October 3, 2018, the defendant officers placed or caused plaintiff to be placed in apprehension of imminent harmful and offensive bodily contact by causing him

to be handcuffed, and imprisoned.

71. As a result of this conduct, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

72. As a result of this conduct, plaintiff suffered injuries and damages.

73. This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Battery under the laws of the State of New York)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

75. On October 3, 2018, the defendant officers made offensive contact with or caused plaintiff to suffer the offensive contact of handcuffing without privilege or consent.

76. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77. As a result of this conduct, plaintiff suffered injuries and damages.

78. This conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**WHEREFORE**, plaintiff LASOU KUYATEH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees, interest, and costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: February 4, 2021
New York, New York     By:   /s/
                             Jason Leventhal
                             Leventhal Law Group, P.C.
                             125 Maiden Lane, Suite 5C
                             New York, New York 10038
                             (718) 556-9600

Dated: February 4, 2021
New York, New York     By:   /s/
                             Joshua S. Moskovitz
                             The Law Office of Joshua Moskovitz
                             14 Wall Street, Suite 1603
                             New York, New York 10005
                             (212) 380-7040

                             *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

LASOU KUYATEH,

                                                    Plaintiff,

     -against-

CITY OF NEW YORK, a municipal entity;
KYLE ERICKSON, in his individual capacity;
ELMER PASTRAN, in his individual capacity; and,
FRANK DESIDERATO, in his individual capacity;

                                                   Defendants.

---------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
125 Maiden Lane, Suite 5C
New York, New York 10038
(718) 556-9600

**THE LAW OFFICE OF JOSHUA MOSKOVITZ**
*Attorneys for Plaintiff*
14 Wall Street, Suite 1603
New York, New York 10005
(212) 380-7040